UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **ED 11-01307-MWF (DTBx)**                                  Date:   **July 19, 2012**

Title:   Jade Lao -*v*- Green Tree Financial Corp.

---

PRESENT:  HONORABLE MICHAEL W. FITZGERALD, U.S. DISTRICT JUDGE

| Rita Sanchez | None Present |
| Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:        ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                                    None Present

PROCEEDINGS (IN CHAMBERS):   ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS CLAIM FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT IN PLAINTIFF'S SECOND AMENDED COMPLAINT [23]

Defendant Green Tree Servicing, LLC has filed this Motion to Dismiss Claim for Violation of the Fair Credit Reporting Act in Plaintiffs' Second Amended Complaint (the "Motion"). (Docket No. 23). For the reasons set forth below, the Motion is DENIED IN PART and GRANTED IN PART.

On August 17, 2011, Plaintiff Jade Lao filed a Complaint against Green Tree Financial Corporation. (Docket No. 1). On November 14, 2011, Lao filed a First Amended Complaint ("FAC") against Green Tree Servicing, LLC ("Green Tree"). (Docket No. 6). Green Tree filed a motion to dismiss the FAC on January 13, 2012, and Lao filed a motion to amend the FAC on February 22, 2012. (Docket Nos. 10, 12). The parties stipulated to the filing of a Second Amended Complaint ("SAC"), and these motions were denied as moot. (Docket No. 15). The SAC was filed on March 21, 2012 (Docket No. 16), and Green Tree filed this Motion on May 14, 2012 (Docket No. 23).

In ruling on the Motion, the Court follows *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and *Ashcroft v. Iqbal*,

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **ED 11-01307-MWF (DTBx)**                         Date:  **July 19, 2012**

Title:     Jade Lao -*v*- Green Tree Financial Corp.

---

556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  The Court accepts as true all material, factual allegations in the Complaint, as well as all reasonable inferences to be drawn therein.

The Complaint alleges that Lao obtained a loan in or around August 1996 and that Green Tree purchased or otherwise acquired this loan in or around December 2008.  (SAC ¶¶ 19, 37).  Lao defaulted on the loan, but in June 2004 Lao began paying $300 per month pursuant to an agreement with a previous holder of the loan.  (*Id.* ¶ 24).  Lao has made these monthly payments from June 2004 until the present and has made such payments to Green Tree since December 2008.  (*Id.* ¶¶ 25-40).

Lao alleges that Green Tree violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, when it furnished inaccurate statements and information to the consumer reporting agencies, primarily including the following: (1) that Lao's account was "charged off"; (2) that Lao's account was charged off in November 2010; and, (3) that Lao's date of first delinquency relative to the loan was in February 2007.  (*Id.* ¶ 44).  Lao alleges further that she disputed this information with the credit reporting agencies, and that the agencies referred the dispute to Green Tree.  (*Id.* ¶¶ 63-88).

"As a preliminary matter, Plaintiff's allegation that Defendant[ ] furnished false information to credit reporting agencies is not, in itself, actionable because Section 1681s-2(a) does not provide for a private right of action."  *Gens v. Wachovia Mortgage Corp.*, No. 10-CV-01073-LHK, 2011 WL 9121, at *8 (N.D. Cal. Jan. 3, 2011) (citing *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002)).

But with respect to a claim under Section 1681s-2(b), which does provide a private right of action, the "statute requires furnishers of information to consumer reporting agencies to conduct an investigation with respect to any disputed information and, if the information is found to be inaccurate, to report that information to the agencies."  *Fenske-Buchanan v. Bank of Am. N.A.*, No. C11-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **ED 11-01307-MWF (DTBx)**                    Date:  **July 19, 2012**

Title:     Jade Lao -v- Green Tree Financial Corp.

---

1656 MJP, 2012 WL 1204930, at *3 (W.D. Wash. Apr. 11, 2012) (citing 15 USC § 1681 s-2(b)).

Green Tree essentially argues that Lao's debt, in fact, was charged off (*i.e.*, written off as a loss), that the information therefore is accurate, and that Green Tree's investigation into the dispute was reasonable.  By implication, Green Tree has asked the Court to make a finding of fact on a Rule 12(b)(6) motion to dismiss for failure to state a claim – *viz.*, that Green Tree charged off Lao's debt.

The Complaint alleges that this information is inaccurate, and the Court cannot say that these allegations are implausible, particularly given the ongoing payments Lao allegedly makes to Green Tree and the alleged attempts by Green Tree to collect the entire amount.  (Opp. at 11-12, 17).  *See Fenske-Buchanan*, 2012 WL 1204930, at *3 (creditor's assertions are insufficient to support a motion to dismiss under FCRA in the face of debtor's allegations that an inaccurate balance was reported and not corrected).

Moreover, Green Tree fails to establish that the proper legal standard for deeming a loan charged-off is that the loan was uncollectable or written-off for tax purposes.  And even if Green Tree is correct, it would be impossible for Green Tree or any defendant at this stage to prove this loan was charged-off as a matter of law.

Furthermore, the "reasonableness of the investigation conducted under 1681s-2(b) presents a question of fact." *Bolton v. Bank of America, N.A.*, No. CV-10-204-JLQ, 2011 WL 1044485, at *8 (E.D. Wash. Mar. 18, 2011).  Again, on a motion to dismiss, the Court cannot find that Green Tree's investigation into Lao's alleged dispute was reasonable.

Therefore, the Motion is DENIED IN PART with respect to the allegations regarding the alleged "charge off."  While everything Green Tree argues may be true, a motion to dismiss is not the proper vehicle for the Court to so rule.  These issues will be resolved either on summary judgment or at trial.  *See Chiang v. Verizon New England, Inc.*, 595 F.3d 26, 38-39 (1st Cir. 2010) (dismissing a

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **ED 11-01307-MWF (DTBx)**              Date:  **July 19, 2012**

Title:       Jade Lao -*v*- Green Tree Financial Corp.

---

FCRA case on summary judgment, when the record disclosed no inaccuracies discoverable through a reasonable investigation).

The Court agrees with Green Tree, however, that some of Lao's other allegations cannot state a plausible claim for relief.  For example, Lao alleges that Green Tree has furnished information that the date of Lao's last payment was in August 2011, and that this is inaccurate.  (SAC ¶¶ 92-93).  But to state a claim under § 1681s-2(b), Lao must allege that she reported this dispute to the credit reporting agencies, and that the agencies referred the issue to Green Tree; Lao alleges only that she submitted a dispute in April 2011.  (*E.g.*, *id.* ¶ 63); *see Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009) (Section 1681s-2(b) "obligations are triggered 'upon notice of dispute' – that is, when a person who furnished information to a [credit reporting agency ("CRA")] receives notice from the CRA that the consumer disputes the information").  It is not possible that Lao could have disputed an inaccuracy postdating August 2011 four months before in April.  Nor does Lao allege that she disputed with any CRA the information that Green Tree "closed" her account.  (SAC ¶ 98).

The Court disagrees with Lao's suggestion that *Wang v. Asset Acceptance LLC*, No. C 09-04797 SI, 2010 WL 2985503 (N.D. Cal. July 27, 2010), stands for the proposition that, once a plaintiff disputes *any* information relating to her account, a furnisher has a continuing obligation to investigate for accuracy *all* information relating to that account.  *See id.* at *4-7 (discussing notice of disputes with respect to specific information – in that case, so-called "False Debt" and "June 2009 tradeline").  The relevant question here is not whether the reporting was accurate but whether Lao disputed this information.

Under *Twombly* and *Iqbal*, the Court may dismiss certain allegations (within a claim for relief) that cannot plausibly state a claim.  *See, e.g.*, *Buckheit v. Dennis*, 713 F. Supp. 2d 910, 919-20 (N.D. Cal. 2010) ("The Court agrees with Defendants, however, that the first claim for relief does contain certain allegations that fail to state a claim. . . . Accordingly, the allegations in the First Claim for Relief alleging defamation are stricken.  Otherwise, the Motions to Dismiss are DENIED on the First Claim.").

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **ED 11-01307-MWF (DTBx)**                      Date:  **July 19, 2012**

Title:       Jade Lao -*v*- Green Tree Financial Corp.

---

Therefore, the Motion is GRANTED IN PART as to the following allegations:

SAC ¶¶ 92-97 (relating to August 2011 date of last payment);

SAC ¶¶ 98-102 (relating to status of Lao's account as closed).

If Lao can amend her complaint to allege that she disputed the accuracy of this information to the CRAs, then these allegations may state a plausible claim. At oral argument, counsel for Lao argued that this information was inextricably linked to the information relating to the "charge off" allegations, and that the notice given to the CRAs therefore was adequate to trigger Green Tree's continuing duty to investigate under the FCRA. But the Court does not read the SAC to plead as much, nor have the parties briefed the legal issue of what level of specificity is required under the FCRA to effect notice of disputed information. The parties should be mindful of these questions should Lao file an amended complaint and Green Tree any subsequent motion to dismiss.

Finally, the FCRA "creates a private right of action allowing injured consumers to recover 'any actual damages' caused by negligent violations and both actual and punitive damages for willful noncompliance." *TRW Inc. v. Andrews*, 534 U.S. 19, 122 S. Ct. 441, 151 L. Ed. 2d 339 (2001). Lao alleges a decreased credit score, "out of pocket expenses," and "emotional distress," as well as statutory damages for willfulness. The Court understands Green Tree's argument that these allegations are somewhat vague and conclusory, but the allegations are not impermissibly so. Again, the issue of damages must be resolved on summary judgment or at trial.

Accordingly, the Motion (Docket No. 23) is DENIED IN PART and GRANTED IN PART. Consistent with this order, Lao may file a Third Amended Complaint no later than **14 calendar days** from the date of this order or may stand on the SAC.

IT IS SO ORDERED.

---