UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **ED 11-01307-MWF (DTBx)**           Date: **October 16, 2012**

Title:      Jade Lao -v- Green Tree Financial Corp.

PRESENT: HON. MICHAEL W. FITZGERALD, U.S. DISTRICT JUDGE

| Rita Sanchez | None Present |
| Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:
None Present                       None Present

PROCEEDINGS (IN CHAMBERS):   ORDER DENYING [43]  DEFENDANT
                             GREEN TREE'S MOTION TO DISMISS

    This matter is before the Court on the Motion to Dismiss Claim for Violation of the Fair Credit Reporting Act in Plaintiff's Third Amended Complaint (the "Motion") filed by Defendant Green Tree Servicing, LLC ("Green Tree"). (Docket No. 43). The Court has read and considered the papers filed on this Motion and held a hearing on October 15, 2012. For the reasons set forth below, the Motion is DENIED.

    Previously, Green Tree filed a Motion to Dismiss Claim for Violation of the Fair Credit Reporting Act in Plaintiff's Second Amended Complaint ("SAC") on May 14, 2012, which the Court denied in part and granted in part on July 19, 2012 (the "July 19 Order"). (Docket Nos. 23, 35). On August 3, 2012, Plaintiff Jade Lao filed the Third Amended Complaint ("TAC"). (Docket No. 38). This Motion was filed on August 20, 2012, and was amended on August 22, 2012. (Docket Nos. 39, 43).

    The Motion follows from the July 19 Order. (Docket No. 35). In the July 19 Order, the Court ruled that Lao could state a claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, based on the allegation that she had disputed the accuracy of the statement that her account had been "charged off." (*Id.* at 3-4). However, the Court also held that the SAC failed to state a claim as to the allegations relating to the statements that the date of last payment was in August 2011 and that the status of Lao's account had been designated as closed. (*Id.* at 4-5). The SAC had not alleged that Lao had disputed the accuracy of this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **ED 11-01307-MWF (DTBx)**          Date:  **October 16, 2012**

Title:     Jade Lao -*v*- Green Tree Financial Corp.

---

information to the credit reporting agencies ("CRAs"). (*Id.*)  The Court concluded that the SAC did not support Lao's position that the "last payment" and "closed" allegations were inextricably linked to the "charged off" allegations. (*Id.* at 5). The Court further requested that the parties brief the "legal issue of what level of specificity is required under the FCRA to effect notice of disputed information." (*Id.*)

Green Tree now seeks dismissal of Lao's FCRA claim to the extent that it is based on the inaccuracy of the following information:  (1) that "Plaintiff's date of first delinquency relative to the loan was in February 2007," (2) that "Plaintiff's last payment towards the account was in August 2011," and (3) that "[t]he status of Plaintiff's account is designated 'closed[.']"  (Mot. at 2 (citing TAC ¶ 50)).  Again, the issue is whether the TAC sufficiently alleges that Lao disputed the accuracy of this information to the CRAs.  (*See* July 19 Order at 4 ("[T]o state a claim under § 1681s-2(b), Lao must allege that she reported this dispute to the credit reporting agencies, and that the agencies referred the issue to Green Tree.")).

As a preliminary matter, there is no question that Lao's FCRA claim continues as based on the "charged off" allegations.  This Motion addresses only those three allegations listed above.  Nevertheless, as the Court previously has stated, "the Court may dismiss certain allegations (within a claim for relief) that cannot plausibly state a claim."  (July 19 Order at 4 (citing *Buckheit v. Dennis*, 713 F. Supp. 2d 910, 919-20 (N.D. Cal. 2010) ("The Court agrees with Defendants, however, that the first claim for relief does contain certain allegations that fail to state a claim. . . . Accordingly, the allegations in the First Claim for Relief alleging defamation are stricken.  Otherwise, the Motions to Dismiss are DENIED on the First Claim."))).

Arguably, the Motion should have been filed as a motion to strike under Federal Rule of Civil Procedure 12(f).  *See Thompson v. Paul*, 657 F. Supp. 2d 1113, 1129 (D. Ariz. 2009) ("The Court is unaware . . . of any situation in which a Rule 12(b)(6) motion may be used to strike certain allegations in support of a claim, where the underlying claim itself is not challenged.  Rather, in such situations, the challenge must be brought pursuant to Rule 12(f)."); *Henderson v.*

---

**CIVIL MINUTES—GENERAL**                                                            2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **ED 11-01307-MWF (DTBx)**              Date:  **October 16, 2012**

Title:   Jade Lao -v- Green Tree Financial Corp.

---

*J.M. Smucker Co.*, No. CV 10-4524-GHK (VBKx), 2011 WL 1050637, at *3 (C.D. Cal. Mar. 17, 2011) ("Defendant moves to dismiss the FAC or strike allegations concerning particular statements, arguing that as a matter of law . . . the claims are not plausible."). However, the *Thompson* court treated the motion to dismiss as a motion to strike, 657 F. Supp. 2d at 1129, and the Court would do the same if it appropriately would define the scope of the Complaint. However, even if the allegations in themselves cannot give rise (individually or collectively) to a FCRA claim, they still potentially could be in the TAC for other purposes, such as being part of a narrative or staking out a position under Rule 404(b).

The issue, then, is whether the issue of the specificity of Lao's dispute now can be determined as a matter of law. Green Tree cares neither if the allegations are in the Complaint per se nor what procedural vehicle is used to nullify them. What Green Tree wants is a judicial determination at the beginning of this action that these three allegations were not included in Lao's dispute and therefore cannot give rise to FRCA liability. The Court concludes that it cannot make that determination on this record at this time.

Lao's April 14, 2011 dispute letter states as follows: "I am writing to dispute the following inaccurate information that appears on my credit report. . . . Green Tree is reporting this debt as a charge off when payments have been made as agreed and on time." (TAC Ex. G). The dispute letter attached a January 14, 2011 letter from Lao's attorney to Green Tree "as proof that payments were made on time." (*Id.*; TAC Ex. F).

Lao admits that her dispute letter "did not *specifically* address" the three allegedly inaccurate statements listed above. (Opp. at 5-6 (emphasis in original)). Green Tree argues that this ends the inquiry. (Reply at 1). Lao, however, renews her argument that the accuracy of these statements is "inextricably linked" to the dispute letter, and that this is sufficient to state a claim for relief. (*See, e.g.*, Opp. at 7). In light of several allegations in the TAC, including that Lao's "dispute was predicated on the inaccuracy of the information being reported by [Green Tree] given the regularity and timeliness of the payments being made by" Lao (TAC ¶ 76), the Court does not consider Lao's argument in this respect to be a motion for

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **ED 11-01307-MWF (DTBx)**          Date:  **October 16, 2012**

Title:     Jade Lao -v- Green Tree Financial Corp.

---

reconsideration of the July 19 Order – nor does Green Tree argue as much.  (*See also, e.g.*, TAC ¶¶ 77-79).

As presaged by the Court, the Motion turns on the "legal issue of what level of specificity is required under the FCRA to effect notice of disputed information." (July 19 Order at 5).  Here, the parties have briefed the issue, although the relevant case law appears to be scant.

In *Herisko v. Bank of America*, 367 F. App'x 793 (9th Cir. 2010), the Ninth Circuit affirmed a summary judgment ruling in favor of the defendants, Experian (the CRA) and Bank of America (the furnisher).  *Id.* at 794.  In relevant part, the Ninth Circuit held that the plaintiff had not disputed the accuracy of the information that was the subject of the lawsuit:

> Here, the only notice Plaintiff provided to Experian about his dispute was a letter claiming that his credit information was inaccurate because his second mortgage with Bank of America "was not discharged" but rather "exempted from the [b]ankruptcy under California exemptions."  This letter did not put Experian on notice that Plaintiff was claiming a different purported inaccuracy, *i.e.*, that his credit report failed to reflect the fact and consequences of his second mortgage "riding through" his bankruptcy.  This is the alleged inaccuracy underlying the present suit.  Plaintiff's dispute letter was therefore insufficient to trigger Experian's duty under § 1681i.  The district court properly dismissed Plaintiff's claim against Experian.
>
> . . . [E]ven if Experian had forwarded Plaintiff's dispute letter to the bank, such notice would have borne no relationship to the purported inaccuracies underlying Plaintiff's claims here.  Accordingly, the district court properly dismissed Plaintiff's claim against Bank of America.

*Id.*

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **ED 11-01307-MWF (DTBx)**                    Date:  **October 16, 2012**

Title:      Jade Lao -*v*- Green Tree Financial Corp.

---

  Likewise, *Petty v. Equifax Information Services, LLC*, Civil Action No. CCB-10-694, 2010 WL 4183542 (D. Md. Oct. 25, 2010), states that the FCRA "requires that a consumer notify a CRA of the existence and nature of a dispute . . . . [and] if a consumer later sues a CRA for a violation of its reinvestigation duty under § 1681i(a), he or she may only sue based on alleged violations of which the consumer provided notice to the CRA." *Id.* at *3.

  Relying on *Herisko*, the *Petty* court noted that, "[i]f the consumer raises additional alleged violations in his or her lawsuit for which the consumer had not previously provided notice of the dispute to the CRA, those claims must be dismissed." *Id.* The *Petty* court granted the defendants' motion to dismiss because the plaintiff had disputed the accuracy of certain account entries but later admitted that the entries were accurate and thereafter attempted to state a claim by alleging that these entries were instead "incomplete." *Id.* at *4-5. According to the court, the "alleged incompleteness of the consumer reports . . . [wa]s irrelevant because Mr. Petty never notified the CRAs that he believed the reports were incomplete." *Id.* at *4; *see also id.* at *4 n.5 ("[T]he FCRA imposes on furnishers and CRAs the same 'standard of accuracy' . . . .").

  The Court regards these cases as instructive but hardly dispositive. (No other case cited by either party appears to address the relevant issue.) Clearly, a plaintiff must dispute the accuracy of a given piece of information before she can state a claim against the furnisher of such information under Section 1681s-2(b). But the Court does not see either *Herisko* or *Petty* as answering the question of what level of specificity is required to effect a legally cognizable dispute.

  Moreover, neither case explicitly determines whether the matter is for the court or a jury. It is instructive that *Herisko* was decided on summary judgment. *See also Wickstrom v. Experian*, No. 1:09-cv-591, 2010 WL 2651303, at *5-6 (W.D. Mich. July 1, 2010) (relying on *Herisko* and granting summary judgment because "Plaintiff's correspondence lacked sufficient clarity to provide notice to defendant that he was claiming that there were other inaccuracies and that he was demanding that they be corrected"). The Court therefore presumes that the issue of the scope of the notice of a dispute could be decided (1) on summary judgment or

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **ED 11-01307-MWF (DTBx)**              Date:  **October 16, 2012**

Title:      Jade Lao -*v*- Green Tree Financial Corp.

---

adjudication; (2) during the pretrial process; (3) by instructing the jury as a matter of law on what allegedly inaccurate statements could give rise to liability; or, (4) instructing the jury that only an inaccuracy for which the plaintiff has given notice of a dispute can give rise to liability and then letting the jury determine whether Lao in fact gave notice of a dispute of the accuracy of the three statements at issue.

With respect to the statements that "Plaintiff's date of first delinquency relative to the loan was in February 2007" and that "[t]he status of Plaintiff's account is designated 'closed,'" the Court holds that these cases do not support dismissal. On this Motion, the Court cannot say – as a matter of law – that such allegedly inaccurate statements "b[ear] no relationship" to the disputed accuracy of whether Lao's account was "charged off" as was the case in *Herisko*. Nor are these allegedly inaccurate statements as plainly divergent from the text of Lao's April 2011 letter as were the new, amended allegations in *Petty*.

Discovery may demonstrate that all of these statements stem from a fundamental misunderstanding of the account status because of which Green Tree reported that the account had been "charged off." Then again, the facts may show that these statements are completely unrelated and that Lao's dispute of the account as "charged off" in no way impugns the accuracy of these other statements. Lao's intent and understanding of the April 2011 dispute letter as well as Green Tree's interpretation of the letter also would seem relevant to the scope of what was disputed.

Furthermore, the Court cannot dismiss the FCRA claim to the extent that it is based on the statement that "Plaintiff's last payment towards the account was in August 2011," although this is a closer call. Again, discovery may demonstrate that the accuracy of this information has no connection to the April 2011 "charged off" dispute letter, as chronological logic would seem to imply. (*See* July 19 Order at 4). However, given Lao's ongoing payments, the facts may show that this alleged inaccuracy is simply part-and-parcel of the same dispute – *i.e.*, Green Tree wrongly reported that the account had been "charged off" and, as part of Green Tree's mistaken understanding of the account status, later reported that Lao's last payment was made in August 2011. To the extent this statement represents a

---

**CIVIL MINUTES—GENERAL**                                                                                  6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **ED 11-01307-MWF (DTBx)**          Date:  **October 16, 2012**

Title:      Jade Lao -*v*- Green Tree Financial Corp.

---

continuation of the same disputed inaccuracy, the law should not compel Lao to send ongoing, never-ending letters with respect to every iteration of Green Tree's error.

This conclusion is reinforced by the facts that Lao's FCRA claim continues on the basis of the "charged off" allegations and that *Herisko* was decided on summary judgment. Discovery may demonstrate that the "link" between the accuracy of the "February 2007 delinquency," the "closed status" of the account and/or the "August 2011 last payment," on the one hand, and the accuracy of reporting the account as "charged off," on the other, is so attenuated that as a matter of law Lao's April 2011 letter did not dispute the accuracy of these three statements. Or, both Lao herself and Green Tree may have perceived these statements as wholly unrelated to the disputed statement that the account had been "charged off." Regardless, on this Motion, the Court cannot say as a matter of law that Lao failed to dispute the accuracy of these statements.

The Court further notes that this Order is based on a reading of the TAC as including an allegation that the three allegedly inaccurate statements adequately were disputed. As an alternative argument, which at times seems to be Lao's main argument, Lao insists that an adequate investigation of the "charged off" dispute would have revealed the inaccuracy of the three statements. (*See, e.g.*, TAC ¶¶ 80-93). To the extent that Lao is alleging that, even if not disputed, the three statements should have been corrected, then the Court is dubious that this proximate cause argument is legally viable. Rather, it appears to be inconsistent with the requirement of notice under Section 1681s-2(b). But that also will be determined later in the case.

Accordingly, the Motion (Docket No. 43) is DENIED.

The parties shall submit their Joint Rule 26(f) Report on or before **October 29, 2012**. The Scheduling Conference is hereby scheduled for **November 5, 2012, at 11:00 a.m.**

IT IS SO ORDERED.

---